UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DAVID HICKS, JR.,

       Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

       Defendant(s).

_____/

Case No. 2:21-cv-11563
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION (ECF No. 16)

**I.**    **RECOMMENDATION**: The Court should **DENY** Plaintiff's motion for temporary restraining order and a preliminary injunction (ECF No. 16).

**II.**    **REPORT:**

William David Hicks, Jr. is currently confined at the Michigan Department of Corrections (MDOC) Thumb Correctional Facility (TCF). In June 2021, while confined at TCF, Hicks filed this lawsuit *in pro per* against 14 Defendants.[1] Following the Court's March 21, 2022 opinion and order of partial dismissal, only seven Defendants remain – *i.e.*, Defendants Heidi Washington, Mr. Carter (ADW),

---

[1] Hicks has also filed petitions for a writ of habeas corpus. *See Hicks v. Washington*, Case No. 3:21-cv-12735-RHC-CI (E.D. Mich.) (filed Apr. 14, 2021, dismissed without prejudice Jan. 18, 2022) & *Hicks v. Artis*, Case No. 2:22-cv-11193-BAF-EAS (E.D. Mich.) (filed May 25, 2022).

1

McDonald (ADW), Janet Nixon (HUM), Copeley-Krunsko (Nurse), Donna Sword (Nurse), and Unknown Cheeks.  (ECF No. 12, PageID.284-285.)  Defendants have returned executed waivers of service, and their answers are due on or about July 18, 2022.  (ECF Nos. 21-28.)

Judge Hood has referred this case to me for pretrial matters.  (ECF No. 17.) Currently before the Court are:  (1) Plaintiff's motion for temporary restraining order (TRO) and a preliminary injunction (PI) (ECF No. 16); and, (2) his notice and request for immediate injunction (ECF No. 19).[2]  Upon consideration, Plaintiff's motion for TRO and a PI (ECF No. 16) should be **DENIED**, because Plaintiff does not tell the Court what relief he is seeking or convince the Court that he does not have an adequate remedy at law.  Moreover, to the extent Plaintiff asks the Court "to [s]top defendants . . . from holding him in confinement," in connection with his claim that "his appeal would have been successful without the closure of the law library," (ECF No. 16, pageID.358, 359 ¶ 16) – which the Court assumes is an attack on Plaintiff's underlying state court sentence in Case No. 18-

---

[2] Among Plaintiff's many filings are those docketed a "letter" and/or "request." (*See*, *e.g.*, ECF Nos. 5, 6, 7, 8, 9, 10, 13, 15, 19, 29).  "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b).  Considering Plaintiff's internet access is likely limited, the Court hereby notifies him that my online Practice Guidelines provide, *inter alia*:  "Letters to the Court are neither pleadings nor motions and <u>will be stricken</u>.  Definitions of and requirements for pleadings and motions are provided in Federal Rules of Civil Procedure 7 through 11, with additional local requirements set forth at Local Rules 7.1 through 11.2." *See* www.mied.uscourts.gov. (Emphasis added).

2

06331-FC (Kent County) – it is more appropriately addressed in Plaintiff's petition for a writ of *habeas* corpus (Case No. 2:22-cv-11193-BAF-EAS (E.D. Mich.)), and is likely *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent he seeks reduction or commutation of his state court sentence as a form of relief in this civil action, it is in the wrong action, and must be pursued in front of the sentencing court. *United States v. Duhon*, 782 F.2d 1044 (6th Cir. 1985) ("Reduction of the sentence is within the sound discretion of the sentencing court.") (citing *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980)). But all this is speculative, because the Court cannot divine what exactly is being sought. Finally, Plaintiff's request for a preliminary injunction is inappropriate without notice to all, including unserved adverse parties, Fed. R. Civ. P. 65(a)(1), and his request for a temporary restraining order is not supported in compliance with Fed. R. Civ. P. 65(b)(1) ("*Issuing Without Notice.*").

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others

3

with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 28, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE