UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DAVID HICKS, JR.,

        Plaintiff,

v.

HEIDI WASHINGTON, *et al*.,

        Defendant(s).

_____/

Case No. 2:21-cv-11563
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR EMERGENCY RELIEF (ECF No. 47) and PLAINTIFF'S MOTION FOR EMERGENCY PRELIMINARY INJUNCTION (ECF No. 60)**

**I.    RECOMMENDATION**: The Court should **DENY WITHOUT PREJUIDCE** Plaintiff's motion for emergency relief (ECF No. 47) and Plaintiff's motion for preliminary injunction (ECF No. 60).

**II.    REPORT:**

    **A.    Background**

William David Hicks, Jr. is currently confined at the Michigan Department of Corrections (MDOC) Central Michigan Correctional Facility (STF). In June 2021, while confined at Thumb Correctional Facility (TCF), Hicks filed this lawsuit *in pro per* against fourteen Defendants. The Court's March 21, 2022

1

opinion and order of partial dismissal dismissed seven Defendants. (ECF No. 12, PageID.284-285.)

Thus, only seven Defendants remain, namely MDOC Director Heidi Washington, TCF Warden Chandler Cheeks, TCF Assistant Deputy Warden Ora Carter, TCF Acting Deputy Warden Mark McDonald, TCF Health Unit Manager (HUM) Janet Nixon, TCF Registered Nurse Supervisor Dawn Kruchko-Copely, and TCF Registered Nurse Donna Sword. (ECF No. 1, PageID.3-5.) (*See also* ECF No. 34, ECF No. 39, PageID.575.) Each has appeared via counsel. (ECF No. 34.)

### B.     Pending Matters

Judge Hood has referred this case to me for pretrial matters. (ECF No. 17.) Currently before the Court are:

1. Plaintiff's motion for temporary restraining order (TRO) and a preliminary injunction (PI) (ECF No. 16), as to which a report and recommendation (ECF No. 32), an objection (ECF No. 42), a motion to object (ECF No. 62), and a related response (ECF No. 70) are before Judge Hood;

2. Defendants' motion for summary judgment on the basis of exhaustion (ECF No. 39), as to which a response (ECF No. 54) and a reply (ECF No. 57) have been filed;[1]

---

[1] Although this motion (ECF No. 39) was not filed on behalf of Defendant Sword, Sword was a party to other filings (ECF Nos. 34, 35, 38, 57, 58).

3. Plaintiff's motion for emergency relief (ECF No. 47), as to which a response (ECF No. 56) and a reply (ECF No .61) have been filed; and,

4. Plaintiff's motion for emergency preliminary injunction (ECF No. 60), as to which a response (ECF No. 67) has been filed.

This report concerns Plaintiff's motions for emergency relief. (ECF Nos. 47, 60.)

**C.   Discussion**

**1.   The operative pleading (February 2020 – April 2022)**

Plaintiff alleges the events giving rise to his claim arose at TCF from February 2020 to present, although he more specifically alleges March 14, 2020 to present. (ECF No. 31, PageID.515.) He submitted the operative pleading to the Court in April 2022, although the Clerk filed it separately in June 2022. (*See* ECF No. 14, PageID.292- 339; ECF No. 31.) Therefore, Plaintiff's claims concern the alleged events at TCF from February or March 2020 to at least April 2022.

Substantively, Plaintiff's claims against Washington and/or Cheeks concern, *inter alia*, daily staff testing, inaccurate COVID-19 information on the MDOC website, ventilation, law library access, access to the barbershop, Mediation Assisted Treatment (MAT) for his opiate abuse disorder (OAD), and treatment attendant to assault and/or rape. (*Id*., PageID.497-504.) For the most part, Plaintiff's claims against Carter, McDonald, Nixon, Kruchko-Copely, and Sword concern treatment for "lumps or tumors in [hi]s neck, pains in [his] throat, and swollen lymph nodes all around [his] head and neck[,]" treatment incident to rape,

3

and/or treatment for "opiate abuse disorder." (*Id.*, PageID.505-512.) Plaintiff's alleged injuries include an unknown tumor in his neck, rectal pain from a rape, mental and emotional trauma, and denial of mediation for treatment of addiction. (ECF No. 31, PageID.521.)

### 2. Motion to enforce June 24, 2022 emergency room doctor's orders and discharge instructions (ECF No. 47)

#### a. Plaintiff's June 2022 hospital visit

It seems that Plaintiff has a varicocele, which pulls on his left testicle. (ECF No. 47, PageID.836.) According to Plaintiff, he was seen by Dr. Down at McLaren Hospital in Lapeer, Michigan on June 24, 2022, and Dr. Down's discharge paperwork stated that, if Plaintiff could not be seen by a specialist within 2-3 days, Plaintiff should "immediately return to the E.R. so they can facilitate surgery." (*Id.*)

On June 27, 2022, Plaintiff initiated an MDOC Grievance, complaining that he "had a swollen testicle with a large painful lump for over 7 weeks, and medical is not helping me." (ECF No. 47, PageID.841-842 [TCF-22-06-467-12D].)[2] Among other things, Plaintiff stated:

> On [June 24, 2022] I had to refuse to lock down in order to go to the hospital. I was taken to the E.R. and an ultrasound was done. The

---

[2] On the same day, Plaintiff completed another MDOC Grievance (TCF-22-06-465-28A) (ECF No. 47, PageID.848-851), which R. Buhl (and/or Defendant McDonald) rejected at Step I as duplicative of TCF-22-06-459-03F (*id.*, PageID.843, 847).

> doctor said I need to have surgery in 2-3 days, and referred me to a urologist who specializes in nut sacks. The discharge paperwork says to return to the E.R. if I am unable to see the urologist within 2-3 days! The doctor told me specifically to not mess around with this or wait any longer! Today is day #3 and I have not seen the urologist! The doctor here at T.C.F. said I have to wait for Lansing to approve the urologist appointment, which could take several weeks.
> . . .
> This issue is obviously not going away, and is severe enough to require surgery.
> . . .
> They are not following the doctor[']s orders! The E.R. Doctor said I could potentially LOSE A TESTICLE to necrosis or [gangrene] if I don't have surgery right away!

(*Id.*, PageID.842.) The July 13, 2022 grievance response – authored by Kruchko-Copely and reviewed by Nixon – explains that the ultrasound revealed "Varicocele with no vascular compromise . . . [,]" appears to acknowledge "suggested follow-up in 3 days with a Urologist[,]" and also notes "[a] request for urology [was] submitted." (ECF No. 47, PageID.841, 845.)

     b.  **Attempt to enforce discharge instructions**

  On July 18, 2022, Plaintiff executed a McLaren Lapeer Region Authorizations to Release Information for his June 24, 2022 – June 25, 2022 visit. (ECF No. 47, PageID.839-840.) In his July 20, 2022 Step II grievance appeal of TCF-22-06-467-12D, Plaintiff alleged he was "still in pain" and still had not seen a urologist. (*Id.*, PageID.846.) In his instant, August 1, 2022 motion for emergency relief, Plaintiff seeks to "enforce emergency room doctors['] orders and discharge instructions from [June 24, 2022]." (ECF No. 47, PageID.836.) And, in his

5

September 13, 2022 reply, Plaintiff again notes he is "still in pain," asks the Court to compare the unit log book for his requests for help with the record that he "was never seen or helped[,]" and claims this "falls on Janet Nixon," TCF's Health Unit Manager; yet, Plaintiff also seems to have been sent to a urologist, because he states: "The Doctor that Janet Nixon had sent me to, [C]omprehensive [U]rology in Lapeer, is crooked and treated me worse than a dog when I went in to see him." (ECF No. 61, PageID.942, 944.)

The Court should **DENY** Plaintiff's motion (ECF No. 47) without prejudice. To be clear, the Court is sympathetic to Plaintiff's alleged plight, *e.g.*, eleven weeks of pain (for which Motrin and ice have been ineffective), 20-pound weight loss, *etc*. (ECF No. 47, PageID.837.) However, this Court is not in a position to award the relief Plaintiff seeks as presented in his motion. First, notwithstanding Plaintiff's strained argument in reply that his injury is "directly related" to his pleading – contending the delayed and denied adequate health care is retaliatory and noting that, "although Dr. Tran was mentioned, this falls on Janet Nixon, because she is the Health Unit Manager and Dr. Tran reports to her[,]" (ECF No. 61, PageID.943-944) – Defendants correctly note that Plaintiff's *motion* "rests upon allegations which he did not raise in his [operative, amended] complaint."

6

(ECF No. 56, PageID.911-912.)[3]  Even though the Clerk of the Court filed the amended, operative pleading in June 2022, Plaintiff signed it on April 7, 2022.  (ECF No. 31, PageID.527.)  Therefore, the June 24, 2022 (or June 25, 2022) discharge instructions Plaintiff seeks to enforce did not exist when he submitted the now-operative pleading to the Court.  Moreover, while Plaintiff mentions various injuries in his reply (ECF No. 61), the particular, alleged urological injury at issue in Plaintiff's August 1, 2022 *motion* – *i.e.*, the source of his alleged need for surgery – does not seem to be a subject of the amended, operative pleading.  (*Compare* ECF No. 31, *with* ECF No. 47.)

    In addition to the timing (and perhaps also the particular, alleged injury at issue in this motion) being outside the scope of the operative pleading, Plaintiff complains about a non-party.  Specifically, he contends:  "T.C.F. Healthcare's Dr. TRAN is saying that this is 'NOT URGENT', which directly contradicts what the E.R. Doctor said.  Dr. TRAN is intentionally delaying or denying [Plaintiff's] treatment because he does not like [Plaintiff's] 'attitude'."  (ECF No. 47, PageID.836.)  As Defendant correctly notes, "Dr. Tran is not one of the . . . remaining Defendants in this case . . . ."  (ECF No. 56, PageID.910.)

---

[3] In their response, Defendants improperly refer to the original complaint (ECF No. 1) instead of the operative pleading (ECF No. 31).  (ECF No. 56, PageID.910-911.)

7

Furthermore, Plaintiff filed this request in July/August 2022 while he was at TCF (ECF No. 47, PageID.838), but he was transferred to STF around October 2022 (ECF No. 71). *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("Colvin's requests for declaratory and injunctive relief . . . are moot because Colvin's requests were directed specifically at LMF's policies and procedures and were not targeted at the MDOC kosher-meal program as a whole."). Given the three-month age of Plaintiff's motion, the fact that six of the seven Defendants are associated with TCF, and the fact that he has since transferred from TCF to another facility (STF), Plaintiff's request for injunctive relief from any of the TCF Defendants has been rendered moot. This includes Plaintiff's appeal in his reply to be removed from TCF, "out of the hands of Janet Nixon, so that I can get some medical help." (ECF No. 61, PageID.944.)[4]

---

[4] In addition to arguing that the relief Plaintiff seeks is outside the scope of his pleading, Defendants argue that Plaintiff has not met the burden of proof for injunctive relief, addressing each of the four factors. (ECF No. 56, PageID.912-918.) While this may be accurate, the reasons stated in this report suffice for denial of this motion (ECF No. 47) without undergoing a detailed analysis of the injunctive relief factors. I do further note, however, that while Plaintiff attached medical releases and grievance materials to his Motion for Emergency Relief (*see* ECF No. 47, PageID.839-853), he predominantly relies on hearsay – *i.e.*, the alleged statement or discharge instructions of Dr. Down at McLaren Hospital and the purported statements or opinions of Dr. Tran at TCF – to support his position. (*See* Fed. Rules Evid. 801-807.) Plaintiff allegedly needs surgery (ECF No. 61,

### 3.  Motion to force daily staff swab testing for COVID-19 and to provide bleach with which to clean (ECF No. 60)

In his September 2, 2022 motion for emergency preliminary injunction, Plaintiff alleges that, "[a]s of [August 26, 2022]," TCF "has been placed on Covid-19 Outbreak Status, for the 4th time." (ECF No. 60, PageID.937.) Plaintiff seeks to "force *daily* staff swab testing for COVID-19" – "just like visitors" – and to "provide bleach to clean with" – as opposed to just ammonia – in order "to protect prisoners." (ECF No. 60, PageID.937 (emphasis added), 940.)

The Court should **DENY** Plaintiff's motion (ECF No. 60) without prejudice. To be clear, Defendants claim that Hicks's motion "rests upon allegations [that] he did not raise in his amended complaint[,]" (ECF No. 67, PageID.987-988), is only partially true. On the subject of timing, Defendants correctly note that Plaintiff's motion concerns "events that occurred on or after August 26, 2022," (ECF No. 67, pageID.988), *i.e.*, a date after the operative pleading. And, as to content, the operative pleading does not seem to request bleach for cleaning. However, both the operative pleading and the instant motion address daily testing. For example, as to Washington and/or Cheeks, Plaintiff's operative pleading mentions "daily

---

PageID.944), and he offers to sign a medical release for his "exact discharge instructions and referral . . . [,]" (ECF No. 47, PageID.837), but he has not submitted either a copy of the discharge instructions or a sworn statement from either physician to substantiate their alleged positions on the treatment of Plaintiff's varicocele.

staff testing," contends that "the daily temperature screens of staff are not sufficient to make sure staff are not bringing covid-19 into the facility[,]" and further contends: "Warden Cheeks disregarded the risk of yet another Covid-19 outbreak at this facility by not requiring staff [to] test daily when the prison population has requested this reasonable measure be taken to protect us since officers are bringing Covid-19 in." (ECF No. 31, PageID.497-499.)

Nonetheless, there are at least two reasons to deny Plaintiff's September 2, 2022 request for an injunction concerning daily testing and bleach for cleaning. First, the Court is loath to pass judgment on the MDOC's operational decisions. "[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979) (citation omitted). Moreover, there is significant "latitude given to the Executive and Legislative Branches – in the midst of a global pandemic – 'to act in areas fraught with medical and scientific uncertainties[.]'" *Bormuth v. Whitmer*, 548 F. Supp3d 640, 656 (E.D. Mich. 2021) (quoting *S. Bay United Pentecostal Church v. Newsom*, ⸺ U.S. ⸺, 140 S. Ct. 1613 (2020) (Roberts, C.J., concurring) (in turn quoting *Marshall v. United States*, 414 U.S. 417, 427 (1974))).

Second, Plaintiff filed this request in September 2022 while he was at TCF (*id*., PageID.940), but was transferred to STF the following month (ECF No. 71).

10

*See Kensu*, 87 F.3d at 175; *Colvin*, 605 F.3d at 289. Given the two-month age of Plaintiff's motion, the fact that six of the seven Defendants are associated with TCF, and the fact that he has since transferred from TCF to another facility (STF), his request for injunctive relief from any of the TCF Defendants has been rendered moot.[5]

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

---

[5] As with their response to Plaintiff's August 1, 2022 motion, here, too, Defendants go beyond their initial scope-based argument and further argue that Plaintiff has not met the burden of proof for injunctive relief, addressing each of the four factors. (ECF No. 67, PageID.989-995.) While this may be accurate, the reasons stated in this report suffice for denial of this motion (ECF No. 60) without undergoing a detailed analysis of the injunctive relief factors.

1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  November 8, 2022

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE