## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIAM D. HICKS, JR. #521313,

     Plaintiff,                   Case No. 21-11563

v.                              Hon. Denise Page Hood

HEIDI WASHINGTON, ORA
CARTER, MARK MCDONALD,
JANET NIXON, DAWN KRUNSKO-
COPELEY, DONNA SWORD, and
CHANDLER CHEEKS,

     Defendants.

_____/

## ORDER ACCEPTING IN PART AND MODIFYING IN PART THE FEBRUARY 28, 2023, REPORT AND RECOMMENDATION, ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION [ECF NO. 39]

This matter is before the Court on a Report and Recommendation granting in part and denying in part the Michigan Department of Corrections ("MDOC") Defendants' motion for summary judgment [ECF No. 39] of Plaintiff's amended complaint [ECF No. 31], filed on February 28, 2023, by Magistrate Judge Anthony P. Patti. [ECF No. 87].

## I.     BACKGROUND

Pro per Plaintiff William Hicks ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against fourteen Michigan Department of Corrections ("MDOC")

Defendants on June 17, 2021. Upon screening Plaintiff's initial complaint, the Court allowed Plaintiff's Eighth Amendment denial of medical care claim and his First Amendment access to the courts claim to proceed against seven Defendants. [ECF No. 12]. The remaining Defendants include: MDOC Director Heidi Washington ("Washington"), TCF Warden Chandler Cheeks ("Cheeks"), TCF Assistant Deputy Warden Ora Carter ("Carter"), TCF acting Deputy Warden Mark McDonald ("McDonald"), TCF Health Unit Manager ("HUM") Janet Nixon ("Nixon"), TCF Registered Nurse Supervisor Dawn Kruchko-Copely ("Copely"), and TCF Registered Nurse Donna Sword ("Sword"). *Id*. On July 19, 2022, the remaining Defendants filed a Motion for Summary Judgment on the basis of exhaustion which is the subject of the Report and Recommendation.[1]

The Magistrate Judge recommends that the Court grant in part and deny in part Defendants' Motion for Summary Judgment on the basis that Plaintiff failed to exhaust all claims against the remaining Defendants. Specifically, the Magistrate Judge found that (1) Plaintiff should be permitted to proceed with the First Amendment access to the court claim alleged in his operative pleading against Washington and/or Cheeks, as well as his claims concerning the barbershop and daily staff testing, (2) as to Plaintiff's Eighth Amendment claims, TCF-1068

---

[1] This Court accepts the Magistrate Judge's note that Defendant Sword's absence from this filing is likely attributable to a scrivener's error and will consider Sword in its analysis.

operates to properly exhaust Plaintiff's claims against Washington and/or Cheeks, but only to the extent they are raised in this grievance, and (3) Plaintiff has not properly exhausted a First Amendment retaliation claim based on Sword's issuance of the insolence misconduct or McDonald's handling of the related misconduct appeal. [ECF No. 87, PageID.1213]. Plaintiff has filed eleven objections to the Report and Recommendation. [ECF No. 95]. Defendants Washington and Cheeks have jointly filed one objection. [ECF No. 88]. Plaintiff has filed a response to Defendants' Objection. [ECF No. 96]. All objections will be addressed below.

## II.    STANDARD OF REVIEW

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it might effect the outcome of the case under governing law." *Horacek v. Carter*, 594 F. Supp. 3d 900, 905 (E.D. Mich. 2022). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Id*. citing *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004). "The nonmoving party must make an affirmative showing with proper evidence in order to defeat the motion." *Id*. citing *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings."

3

*Id*. Pro se litigants are not exempt from this standard. *Viergutz v. Lucent Techs.*, Inc., 375 F. App'x 482, 485 (6th Cir. 2010).

The standard of review by the district court when analyzing a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). Further, the Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## III.   DEFENDANTS' OBJECTION

### A. Defendants'[2] Objection No. 1

Defendants object to the Magistrate Judge's finding that Plaintiff has reasserted his Eighth Amendment claim related to Defendants' failure to require

---

[2] Because ECF No. 88 states that is only on behalf of Defendants Cheeks and Washington, the term "Defendants" will only refer to Defendants Cheeks and Washington.

4

daily staff testing for Covid-19 and the closing of the barbershop. [ECF No. 88]. The Magistrate Judge noted that "Defendants do not mention these issues in their motion or reply, even though Plaintiff mentions them within his response." [ECF No. 87, PageID.1193, n. 3]. Therefore, the Magistrate Judge assumed that Defendants agree with Plaintiff's theory that "the issues of daily staff testing and the barbershop are not grievable per MDOC PD 03.02.130 ¶J(8)" and do not require exhaustion. *Id*.

Defendants argue that the law of the case doctrine applies to Plaintiff's daily staff testing and barbershop claims because "[i]n the screening opinion, the Court discussed the precautions that MDOC were taking at the time and found that Hicks failed to state a claim." [ECF No. 88, PageID.1217] citing ECF No. 12, PageID.278. Defendants do not deny that Plaintiff's amended complaint "attempts to reassert the daily staff testing and barbershop claims." *Id*. However, they argue that Plaintiff pleads only "conclusory allegations that what MDOC did was insufficient and that MDOC posted inaccurate information on its website." *Id*. This argument is one best suited for a motion to dismiss. Defendants cite *Musacchio v. United States*, 577 U.S. 237 (2016) in support of their proposition that this Court's March 21, 2022, decision to dismiss Plaintiff's Eighth Amendment claim related to daily staff testing and the closing of the barbershop should continue to govern the case. [ECF No. 88, PageID.1217]. However, *Musachio's* analysis concerns whether an appellate court would be bound by a ruling made at the district court level, which is not applicable

here. *Musacchio*, 577 U.S. at 245.

There are two species of the law of the case doctrine. The first species arises when an appellate court remands a case back to the trial court with specific instructions on how to proceed. *Stryker Corp v. TIG Ins. Co.*, No. 1:05-CV-51, 2014 WL 198678, at *1 (W.D. Mich. Jan. 15, 2014), aff'd sub nom. *Stryker Corp. v. TIG Ins. Co.*, No. 1:05-CV-51, 2014 WL 1328151 (W.D. Mich. Apr. 1, 2014). In that instance, "the trial court is bound to proceed in accordance with the mandate and the law of the case is established by the appellate decision." *Id*. The second species, which is applicable to this matter, is where "a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id*. at *2.  "[I]n contrast to the mandate rule, pursuant to which the district court is virtually bound to follow a previous appellate holding, this aspect of the law of the case doctrine is purely discretionary, allowing the district court to revisit previous decisions on the basis of new evidence, new law, or a determination that the previous decision was not sustainable." *Id*., see *Samons v. Nat'l Mines Corp.*, 25 F.4th 455, 463 (6th Cir. 2022).

In the Court's March 21, 2022, Order, the Court relied on the MDOC's March 12, 2020 article on its Response and Information on Coronavirus. [ECF No. 12, PageID.277]. The Court found that "[i]n light of [the precautions enumerated in the article], Plaintiff's factual allegations [were] insufficient to show that the

Defendants' failure to require daily testing violated his Eighth Amendment rights." *Id*. at PageID.278. Plaintiff's amended complaint not only alleges that the daily temperature checks are insufficient to keep him safe but that the Response and Information article relied on by the Court "has been inaccurate for a long time." [ECF No. 31, PageID.498]. He further alleges that many of the officers who have tested positive have "exhibited NO symptoms or fever" making the daily temperature checks ineffective for detecting and deterring the spread of the virus. *Id*. He also alleges that "this facility has been on and off outbreak status several times, yet they continue to use a simple temperature screen and fail to test staff." *Id*. Plaintiff also alleges that Cheeks and Washington closed the barbershop giving Plaintiff nowhere to do barbering which is a "hygiene requirement." *Id*. at PageID.502. These allegations were not present in Plaintiff's original complaint.[3] If the Court, in fact, finds that it relied on false or misleading information in dismissing Plaintiff's Eighth Amendment claims related to daily staff testing and the closing of the barbershop, it would be in the Court's discretion to alter its ruling on these issues. See § 4478 Law of the Case, 18B Fed. Prac. & Proc. Juris. § 4478 (3d ed.) ("So long as the same case remains alive, there is power to alter or revoke earlier rulings.").

The latter part of Defendants' Objection reads more like a brief in support of

---

[3] The Court notes that Plaintiff has not provided any documentation to support these allegations. However, as the Magistrate Judge notes, Defendants have also failed to rebut Plaintiff's new claims.

summary judgment or a motion to dismiss on Plaintiff's Eighth Amendment claims related to daily staff testing and the closing of the barbershop. Because Defendants have not brought any motion to that effect, the Court will disregard Defendants' arguments.

For the foregoing reasons, Defendants' Objection No. 1 is OVERRULED.

## IV.   PLAINTIFF'S OBJECTIONS

### A. Plaintiff's Objection No. 1

Plaintiff's first objection seemingly relates to the Court's order denying Plaintiff's request that his Response to Defendants' motion for summary judgment and other documents in this case be sealed. [ECF No. 55]. Because the Magistrate Judge has ruled on this issue and neither Defendants' motion nor the Report and Recommendation presently before the Court address this issue, the Court declines to make any ruling as to the sealing of documents in this matter at this time. Therefore, Plaintiff's Objection No. 1 is OVERRULED.

### B. Plaintiff's Objection No. 2

Next, Plaintiff objects to the Magistrate Judge's finding that TCF-239 and TCF-240 were properly rejected. [ECF No. 95, PageID.1249].[4] With respect to TCF-

---

[4] The Report and Recommendation does not address TCF-239 because it states that Plaintiff's Responses "does not seem to rely upon TCF-239[.]" [ECF No. 87, PageID.1198]. Nevertheless, Plaintiff's Response states, generally, that all of his grievances were "maliciously rejected" and that the Defendants failed to

240, the Magistrate Judge found that "[e]ven assuming, *arguendo*, the Step I grievance was improperly rejected, Plaintiff provides no evidence that his Stepp II appeal was timely, other than stating '[w]e were under Covid lockdown at this time, and I never submitted anything untimely because I was locked in my cell.'" [ECF No. 87, PageID.1199].

It is well-established that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997a(a). Furthermore, prisoners are "required to exhaust only those grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 632, 136 S. Ct. 1850, 1853, 195 L. Ed. 2d 117 (2016) quoting *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001). There are three instances where an administrative remedy may not be capable of use to obtain relief. *Id*. at 643. The first instance, which may be applicable here, is where an administrative procedure "operates as a simple dead end—with officers unable or unwilling to provide any relief to aggrieved inmates." *Id*.

---

appropriately assist him. [ECF No. 54, PageID.880]. Therefore, the Magistrate Judge should have considered the viability of TCF-239.

Plaintiff argues in Objection No. 2 that TCF-239 and TCF-240 were improperly rejected at Step II as untimely for being submitted without the proper forms. [ECF No. 95, PageID.1251]. He relies on MDOC PD 03.02.130 §H which states "[g]rievances shall not be rejected or denied solely because the prisoner has not included with his/her grievance exhibits or other documents related to the grievance[.]" The Step II responses for both TCF-239 and TCF-240 state that Plaintiff submitted his Step II without his Step I and Step I response. [ECF No. 39-3, PageID.635, PageID.639]. They further state that Plaintiff's Step II was again received "without the proper forms to process. Therefore, [Plaintiff's] step II is now considered rejected as untimely filed." *Id*. The use of the word "therefore" denotes that the basis of the rejection was not timing but a failure to attach proper forms which is prohibited by MDOC PD 03.02.130 §H. Plaintiff has raised a question of fact as to whether TCF-239 and TCF-240 were properly rejected. Defendants have put forth no response as to Plaintiff's arguments on this issue. Therefore, the Court finds that Defendants' motion for summary judgment should be denied as to TCF-239 and TCF-240. Plaintiff's Objection No. 2 is SUSTAINED.

### C. Plaintiff's Objection No. 3

Plaintiff's Objection No. 3 relates to TCF-307, a grievance which names PA Couturier alleging cruel and unusual punishment and dereliction of duty and humane treatment and living conditions for prisoners. [ECF No. 39-3, PageID.644]. The

Magistrate Judge correctly found that TCF-307 was improperly rejected as untimely. [ECF No. 87, PageID.1200]. However, Plaintiff argues that the grievance is not just on PA Couturier but against "Medical."[5]

Plaintiff cites several cases which stand for the proposition that "failure to identify a person by name does not preclude exhaustion through the MDOC system, as long as the prisoner identifies a defendant based on the factual allegations." *Binion v. Glover*, No. 07-13443, 2008 WL 4097407, at *4 (E.D. Mich. Aug. 29, 2008); *Beedle v. DeMasi*, No. CIVA 05-70430, 2006 WL 2700753, at *3 (E.D. Mich. Sept. 18, 2006) ("Certainly, there is no substantive difference between identifying a defendant by name or by his correct title. Either method of identification is adequate to give notice to the individual that a grievance has been filed against him."); see also *Stevenson v. Michigan Dept. of Corrections*, 2008 WL 623783, at *2 (W.D.Mich. Mar.4, 2008) (Jonker, J.).

It seems that Plaintiff's use of the term medical was not sufficient to put the appropriate individuals on notice of Plaintiff's concerns. Defendant Nixon reviewed Plaintiff's Step I grievance. [ECF No. 39-3, PageID.645]. In the box labeled

---

[5] Plaintiff argues that PA Couturier was wrongly dismissed "because defendants claimed TCF-307 was rejected as untimely, and [Plaintiff] failed to exhaust administrative remedies." [ECF No. 95, PageID.1255]. However, this is not true. Defendant Couturier was dismissed because "Plaintiff's claims against [Couturier were] based solely on their grievance responses." [ECF No. 12, PageID.281]. Furthermore, Plaintiff failed to re-assert any claims against Couturier in his amended complaint.

11

"Investigation Summary" Nixon notes that Nixon only interviewed PA Couturier, who is listed by name, regarding Plaintiff's concerns. *Id*. While the investigation summary mentions other individuals who may have been involved in providing Plaintiff with healthcare, it is not clear that the grievance is against them and none of them are defendants in this matter. *Id*. Plaintiff names three potential medical Defendants in his operative complaint: Health Unit Manager Janet Nixon, Nurse Copely, and Nurse Donna Sword. [ECF No. 31, PageID.510-12]. If the term "medical" clearly pertained to Nixon, she would be precluded from reviewing TCF-307 pursuant to MDOC 03.02.130 §V as Plaintiff argues on a different point. At no point in the grievance process does Plaintiff make clear that he was aggrieved by anyone other than PA Couturier. The term medical here is extremely vague and cannot serve to exhaust claims against any other Defendant. Plaintiff's Objection No. 3 is OVERRULED.

### D. Plaintiff's Objection No. 4

Plaintiff's fourth objection relates to TCF-312. This grievance concerns the exhaust fan and ventilation at Thumb Correctional Facility ("TCF"). The Magistrate Judge found that TCF-312 was properly rejected at Step I for failure to allege who violated the policy. [ECF No. 87, PageID.1200] citing MDOC PD 03.02.130 §S ("[d]ates, times, places, and names of all those involved in the issue being grieved are to be included…"). Plaintiff argues that this is not true. [ECF No. 95,

PageID.1255]. Instead, he alleges that this grievance was rejected for failing to state what policy was violated. *Id*. Plaintiff alleges that it is "unclear who would be responsible for that" and he "was told 'that is above my pay grade' while asking about the ventilation." *Id*. at PageID.1256.

Plaintiff now alleges that "ADW Carter is the ADW of housing and would technically be one of the State Officials who could possibly be in charge of ventilation." *Id*. Plaintiff argues that TCF-312 was "improperly assigned to ADW Carter because she is one of the officials who could possibly be held responsible for the issue." *Id*. at PageID.1256. MDOC PD 03.02.130 §V states "[p]risoners and staff who may be involved in the issue being grieved shall not participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent." Plaintiff has not provided any proof beyond his word that Carter is in fact over housing at TCF or that she was involved in any way with the ventilation. Furthermore, Plaintiff did not include this information in the declaration attached to his objections. Defendants have failed to respond to this allegation. Nevertheless, Plaintiff cannot merely rely on allegations or denials in unsworn filings to prove his point at this stage. *Horacek*, 594 F. Supp. 3d at 906. Therefore, Plaintiff's Objection No. 4 is OVERRULED.

**E.  Plaintiff's Objection No. 5**

Plaintiff's Objection No. 5 relates to TCF-705. Plaintiff argues that TCF-705 does not appear on his Step III grievance report because it was "addressed on the merits of the grievance" and considered resolved at Step I. Upon review, it appears Plaintiff is correct that TCF-705 was considered resolved at Step I. [ECF No. 95, PageID.1273]. However, Plaintiff was not happy with the measures taken by the MDOC and appealed the response seeking more stringent action. *Id*. Respondent and non-party Subrina Aiken denied Plaintiff's grievance at Step II because "there is no evidence that the nurse attempted to embarrass Grievant." *Id*. Plaintiff again seeks to have further action taken against Sword. Yet, Plaintiff failed to follow through with the grievance process by proceeding to Step III. Grievances are fully exhausted after the disposition of the Step III grievance. 594 F. Supp. 3d at 908. Plaintiff did not file a Step III appeal after the Step II denial. Therefore, Plaintiff failed to exhaust all administrative remedies related to this grievance prior to filing this action. Plaintiff's Objection No. 5 is OVERRULED.

### F.  Plaintiff's Objection No. 6

Plaintiff's Objection No. 6 challenges the Magistrate Judge's finding that TCF-706 was either properly rejected or does not relate to this lawsuit. [ECF No. 87, PageID.1201]. The Magistrate Judge did not analyze TCF-706 in his Report and Recommendation because Plaintiff did not seem to rely upon TCF-706 in his response. *Id*. at PageID.1198. TCF-706 is a grievance against "RN Donna Sword for

14

Intimidation and Retaliation." [ECF No. 39-3, PageID.631]. It involves an incident where Plaintiff claims Sword wrote him an insolence misconduct for no reason. *Id*. He alleges that it was a way to intimidate him from seeking medical help. *Id*. Plaintiff's response states that Defendants are denying and delaying medical treatment and have been "openly threatening [him] (Misconduct written by Medical..." [ECF No. 54, PageID.879]. However, Plaintiff's response does not challenge Defendants' argument that TCF-706 was properly rejected at Step 1 for failure to resolve the issue and therefore cannot be considered exhausted. In Plaintiff's Objection No. 6, he now argues that he could not resolve the issue because "TCF was on outbreak status and under strict lock downs." [ECF No. 95, PageID.1259]. Plaintiff argues that he in fact did attempt to resolve the issue by writing kites to medical. *Id*. He also claims that he "spoke with Lt. Jenkins and other officers about receiving medical." *Id*.

Plaintiff failed to state any of these attempts on his grievance form. Instead, he wrote "[t]here is absolutely nothing I could have done to resolve this, because all I want is medical." [ECF No. 39-3, PageID.631]. Defendants' rejection of this grievance was in line with MDOC PD 03.02.130 §J(4). While Defendants have provided no response to rebut Plaintiff's arguments, Plaintiff's written grievance is the best evidence of why TCF-706 was rejected. Whether or not Plaintiff in fact attempted to resolve the issue, he stated that he did not. Therefore, TCF-706 was

properly rejected for Plaintiff's failure to adhere to the grievance process. Plaintiff's Objection No. 6 is OVERRULED.

### G. Plaintiff's Objection No. 7

Plaintiff's Objection No. 7 challenges the Magistrate Judge's finding that TCF-1052 "does not name any of the remaining Defendants in this case" at Step I. [ECF No 87, PageID.1203]. Plaintiff argues that he wrote "mental health staff" in the grievance and that should have operated to exhaust this claim against all remaining Defendants under *Binion* and *Calhoun*. [ECF No. 95, PageID.1262]. Plaintiff, requests that the Court find that the term "mental health staff" encompasses all remaining Defendants and join "Greenlaw and VanHuelen" as parties to this matter. *Id*. It is not clear from any of the pleadings that the remaining Defendants are mental health staff. At best, Plaintiff has alleged that Defendant Cheeks failed to secure Plaintiff mental health treatment for the sexual assault which is not enough to establish culpability. [ECF No. 31, PageID.504]. see *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal quotation omitted) ("liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act."). Furthermore, Plaintiff has not alleged any facts against Greenlaw or Vanhuelen in his operative pleading to sufficiently put them on notice of any claims against them and to defend themselves. Plaintiff's objections to this Report and Recommendation cannot operate to do so.

Based on the foregoing, Plaintiff's Objection No. 7 is OVERRULED.

## H. Plaintiff's Objection No. 8

Plaintiff's Objection No. 8 challenges the Magistrate Judge's finding that TCF-1068 "operates to exhaust Plaintiff's claims against Washington and/or Cheeks, but only to the extent they are raised in this grievance." [ECF No. 95, PageID.1263]. Plaintiff requests that the Court find that Defendant Nixon was involved for not assuring a doctor's appointment and Defendant Carter is involved for moving Plaintiff to Franklin unit. *Id*. TCF-1068 is related to the alleged sexual assault against Plaintiff, his requests to be moved, and for outside mental health treatment. [ECF No. 39-3, PageID.620]. TCF-1068 alleges issues with Defendant Carter for sending Plaintiff to Franklin unit and Defendant Cheeks for denying Plaintiff's requests to be moved due to security issues. *Id*. There is no mention of Defendants Washington or Nixon. The Magistrate Judge's finding that TCF-1068 operates to exhaust claims against Washington and/or Cheeks seems to be in error as Defendant Washington is not mentioned in this grievance at any step. This Court agrees that TCF-1068 operates to exhaust Plaintiff's claims related to the rape. However, the Court concludes that TCF-1068 operates to exhaust claims against Defendants Carter and Cheeks to the extent that they are raised in this grievance. This grievance does not exhaust claims against any other Defendant. Plaintiff's Objection No. 8 is OVERRULED to the extent that it seeks to include Nixon.

17

Plaintiff's Objection No. 8 is SUSTAINED to the extent that it seeks to assert a claim against Carter.

### I.  Plaintiff's Objection Nos. 9 and 10

Plaintiff's Objection No. 9 relates to exhaustion of Defendant Sword's misconduct ticket against him for insolence. Plaintiff's Objection No. 10 relates to exhaustion of Defendant McDonald's handling of Plaintiff's misconduct appeal. The Magistrate Judge found that "Plaintiff has not produced evidence that he raised the issue of retaliation at the initial (September 24, 2020) misconduct hearing…[n]or has he done so with respect to the misconduct appeal before McDonald." [ECF No. 87, PageID.1211]. Furthermore, TCF-705 and TCF-706 could not work to properly exhaust Plaintiff's retaliation claims because TCF-705 was not pursued through Step III and TCF-706 was rejected at Step I for failure to attempt resolution prior to writing the grievance. *Id*. at PageID.1212-13. The Court agrees with the Magistrate Judge's findings that Plaintiff failed to raise retaliation at the first misconduct hearing and related to TCF-705 and TCF-706. Therefore, Plaintiff's Objection Nos. 9 and 10 are OVERRULED.

### J.  Plaintiff's Objection No. 11

Finally, Plaintiff's Objection No. 11 reiterates his arguments related to exhaustion of TCF-705 and TCF-706. As mentioned above, the Court finds that

Plaintiff failed to exhaust both grievances. For the reasons stated above, Plaintiff's Objection No. 11 is OVERRULED.

## V.    CONCLUSION

Based on the foregoing, the Court accepts the Magistrate Judge's recommendation that Plaintiff should be permitted to proceed with the First Amendment access to courts claim alleged in his operative complaint against Washington and/or Cheeks, as well as his claims concerning the barbershop and daily staff testing. As to Plaintiff's Eighth Amendment claims, TCF-1068 operates to properly exhaust claims against Carter and Cheeks, not Washington. Further, Plaintiff has shown that TCF-239 and TCF-240 may have been improperly rejected due to officer interference with the grievance process, making Plaintiff's administrative remedies unavailable. Therefore, to the extent that Plaintiff alleges claims arising out of TCF-239 and TCF-240 against the remaining Defendants, such claims should proceed. Finally, the Court accepts the Magistrate Judge's finding that Plaintiff has not properly exhausted a First Amendment retaliation claim based on Sword's issuance of the insolence misconduct or McDonald's handling of the related misconduct appeal.

## VI.    ORDER

In light of the foregoing:

**IT IS SO ORDERED** that the Report and Recommendation [ECF No. 87] is ACCEPTED AND ADOPTED IN PART, AND REJECTED IN PART as more specifically set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on the basis of exhaustion [ECF No. 39] is DENIED as to Plaintiff's First Amendment access to the courts claim against Washington and/or Cheeks.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on the basis of exhaustion [ECF NO. 39] is DENIED as to Plaintiff's Eighth Amendment claims to the extent that the motion relates to TCF-1068, TCF-239, and TCF-240.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment on the basis of exhaustion [ECF No. 39] is GRANTED as to Plaintiff's First Amendment retaliation claims.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2023