UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DAVID HICKS, JR.,

    Plaintiff,

v.

HEIDI WASHINGTON, *et al*.,

    Defendant(s).

_____/

Case No. 2:21-cv-11563
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S JULY 27, 2023 MOTION FOR PRELIMINARY INJUNCTION (ECF No. 100)

**I.  RECOMMENDATION**:  The Court should **DENY** Plaintiff's July 27, 2023 motion for preliminary injunction (ECF No. 100).

**II.  REPORT:**

    **A.  Background**

In June 2021, when William David Hicks, Jr. initiated this prisoner civil rights lawsuit *in pro per* against several Defendants, he was confined at the Michigan Department of Corrections (MDOC) Thumb Correctional Facility (TCF). (ECF No. 1, PageID.209, 211.)  He was still at TCF when he filed what is the now-operative pleading, as well as when he filed his September 13, 2022 motion.  (ECF No. 14, PageID.291; ECF No. 31, PageID.492, 527; ECF No. 65, PageID.979.)

1

In October 2022, Hicks informed the Court that his address had changed to the MDOC's Central Michigan Correctional Facility (STF). (ECF No. 71.) According to Plaintiff, his "[o]riginal out date was supposed to be" August 15, 2023. (ECF No. 102, PageID.1338.) On July 25, 2023, the Michigan Parole Board determined that Plaintiff would be paroled on September 21, 2023 (*i.e.*, 58 days from the date of its decision), contingent upon completion of Michigan Prisoner Re-entry Initiative (MPRI). (*Id.*, PageID.1342.) As of Plaintiff's most recent filing in this case – dated August 31, 2023, post-marked September 5, 2023, and filed on September 11, 2023 – Plaintiff was still located at STF. (ECF No. 106.)

The Court takes judicial notice under Fed. R. Evid. 201 that Plaintiff was paroled on September 21, 2023. *See* www.michigan.gov/corrections, "Offender Search," #521313 (last visited Oct. 2, 2023). He has yet to file a change of contact information with the Court.

**B.     Pending Matters**

Judge Hood has referred this case to me for pretrial matters. (ECF No. 17.) Currently before the Court is Plaintiff's verified July 27, 2023 motion for preliminary injunction (ECF No. 100), attached to which are several exhibits, including grievance responses, a kite response, emails, and a 4-page "timeline for varicocele/denial of treatment." (*Id.*, PageID.1311-1323.) The MDOC Defendants

2

have filed a response (ECF No. 101), and Plaintiff has filed a verified reply (ECF No. 103).

## C. Standard

Injunctions and restraining orders are governed by Fed. R. Civ. P. 65. "In deciding whether a plaintiff is entitled to a temporary restraining order or preliminary injunction, courts are to consider four factors:

  (1) whether the plaintiff has a strong likelihood of success on the merits;

  (2) whether [the Plaintiff] would suffer irreparable harm if preliminary relief is not issued;

  (3) whether the issuance of a preliminary injunction will not cause substantial harm to [others]; and

  (4) whether the public interest would be served by the issuance of a preliminary injunctive order."

*Great Lakes Home Health Servs. Inc. v. Crissman*, No. 15–CV–11053, 2015 WL 6667772, at *3 (E.D. Mich. Nov. 2, 2015) (quoting *Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); UASCO Coal *Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982)).

## D. Discussion

### 1. Plaintiff's motion

The Court need not address each of the preliminary injunction factors, because Plaintiff's motion is moot. In his motion for preliminary injunction,

Plaintiff seeks "to [s]top the irreparable harm that continues to take place to Plaintiff by MDOC Medical Providers . . . ." (ECF No. 100, PageID.1300, 1310.) Following a 7-page brief (*id.*, PageID.1302-1308), Plaintiff sets forth approximately five potential forms of relief, each of which asks for an injunction: (1) either requiring, forcing, or ordering "Prison Medical Providers," "MDOC Custody Staff," the "MDOC," or "MDOC Medical Staff" to do something with regard to his medical treatment; or, (2) requiring the MDOC "to Release/Parole Plaintiff on his [estimated release date] ([August 15, 2023]), so he may gain access to Adequate Health Care on his own accord, so he is not 'held' in-custody for a Medical procedure that was First ordered on June 24, 2022, beyond [August 15, 2023]." (*id.*, PageID.1309). However, Plaintiff was paroled on September 21, 2023, and, because he is no longer in MDOC custody, his requests to order the MDOC, its staff members, or its medical providers have been rendered moot, as has his request to be released or paroled, even though it occurred later than he requested.

    **2.  The MDOC Defendants' response and Plaintiff's reply**

The response and reply raise at least two points worthy of clarification here – one concerning officials versus contactors and another concerning a scheduled surgery. As to the former, within their August 4, 2023 response, the MDOC Defendants contend that Plaintiff "seek[s] to enjoin prison officials[,]" and that

4

"[t]he state's interest in managing its own prisons is substantial[.]" (*Id.*, PageID.1331, 1334, 1335.)  In his August 18, 2023 reply, Plaintiff provides the following "counter statement of facts[,]"

> This is NOT a Claim to "Enjoin State Officials" as Defendants claim. This injunction is sought against a *Private Health Care Provider*, *contracted by the MDOC*, having nothing to do with State Officials except that State Officials will transport Plaintiff to Medical appointment, <u>if ordered</u>.  This is NOT the fault of the Warden, it is "Medical" who is responsible for what is taking place.  The Warden is only liable because this denial of treatment is occurring at his Facility, and Plaintiff [cannot] obtain Medical Treatment on his own.

(ECF No. 103, PageID.1346 (italics added).)  (*See also id.*, PageID.1346-1355 [Argument, Conclusion, Prayer for Relief], PageID.1356-1386 [Exhibits].)  Among other requests, Plaintiff asks the court to order the "MDOC Medical Contractors to 'treat' Plaintiff for addiction, with Suboxone, like everyone else." (*Id.*, PageID.1355 ¶ 1.)  However, Plaintiff's distinction between "state officials" and "MDOC medical contractors" is one without a difference for purposes of his requests for injunctive relief related to his medical treatment.  Plaintiff has been paroled and, therefore, is no longer in MDOC custody.  Thus, the Court cannot order either the MDOC or its contactors to take action with regard to Plaintiff's medical treatment.

As to the second point, the MDOC Defendants note that Plaintiff "has been scheduled for surgery to address his testicular issues[.]" (ECF No. 101, PageID.1332, 1335.)  In his reply, Plaintiff asks the Court to order the "MDOC to

5

release Plaintiff on his [estimated release date] ([August 15, 2023]) so he may obtain relief on his own, instead of holding him until [September 1, 2023] for [s]urgery, and [September 21, 2023] for release, because his Parole has been <u>granted</u> and he is not a threat to the Public." (*Id.*, PageID.1355 ¶ 2 (emphasis in original).) However, even assuming the MDOC Defendants held Plaintiff until September 1, 2023 for surgery, he was released for parole on September 21, 2023. Thus, presently, the Court cannot provide the particular relief – release on August 15, 2023 – Plaintiff requests.

### E.   Conclusion

As explained in greater detail above, the injunctive relief Plaintiff seeks – *i.e.*, "to stop the irreparable harm that continues to take place to Plaintiff by MDOC Medical Providers," (ECF No. 100, PageID.1300) – has been rendered moot by his September 21, 2023 parole. Accordingly, the Court should **DENY** Plaintiff's July 27, 2023 motion for preliminary injunction (ECF No. 100).

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 2, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE