UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DAVID HICKS, JR.,

      Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

      Defendant(s).
_____/

Case No. 2:21-cv-11563
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S SEPTEMBER 18, 2024 "MOTION FOR MONIES FOR EXPERT WITNESSES" (ECF No. 131)

**A.    The October 2023 Initial Scheduling Order**

Pursuant to the October 3, 2023 initial scheduling order, discovery was due by January 31, 2024 and the dispositive motion cut-off was set for February 29, 2024. (ECF No. 110.) Plaintiff claims he never received this order "until [he] got to prison[.]" (ECF No. 135, PageID.2289-2290.)

To be clear, Plaintiff was paroled on September 21, 2023 (*see* www.michigan.gov/corrections, "Offender Search," last visited Mar. 27, 2025); however, at the time the Court issued its October 3, 2023 scheduling order (ECF No. 110), Plaintiff's address of record was the MDOC's Central Michigan Correctional Facility (STF) (ECF Nos. 71, 106). By a notice dated September 30, 2023, post-marked October 2, 2023, and filed on October 5, 2023 – *i.e.*, two days

1

after the Court docketed its scheduling order – the Court was informed that Plaintiff's address had changed to a private address in Grandville, Michigan (ECF No. 111). This explains why Plaintiff's copy of the scheduling order and various other filings that were mailed to STF in September 2023 and October 2023 (see ECF Nos. 107, 109, 110) were returned as undeliverable in October 2023 and December 2023 (*see* ECF Nos. 113, 114, 116). Nevertheless, the Court docket reflects that, on October 10, 2023, a copy of the scheduling order was *successfully served* on Plaintiff at the Grandville address and *was not returned*, although the Court's order permitting substitution of Defendants' counsel (ECF No. 112) – post-marked October 10, 2023 – was inexplicably returned from the Grandville address as undeliverable (ECF No. 115). In December 2023, Plaintiff again informed the Court that his address had changed to Grandville, Michigan. (ECF No. 119.)

Thus, when Plaintiff contends he did not receive the October 3, 2023 scheduling order (ECF No. 110) until he was in prison, it is not clear whether he is referring to his August 2024 location of the Newaygo County Jail (NCJ) (ECF Nos. 128, 129), his September and October 2024 location of RGC (ECF Nos. 130-135, 137), or his subsequent October 2024 location at NCJ (ECF No. 138). In any case, he appears to have received it.

B. **The MDOC Defendants' March 2024 Merits-Based Motion for Summary Judgment**

As set forth in the operative pleading, Defendants are Michigan Department of Corrections (MDOC) Director Washington and six MDOC employees at the MDOC's Thumb Correctional Facility (TCF). (ECF No. 31.) On March 7, 2024, having been granted an extension of the dispositive motion deadline (*see* ECF No. 122), Defendants timely filed their motion for summary judgment (ECF No. 123). Plaintiff's response was originally due on April 8, 2024 (ECF No. 124), he twice sought extensions (ECF Nos. 129, 133), and the response deadline was twice extended via text-only orders. Plaintiff timely filed his response on October 16, 2024. (ECF No. 135.) Defendants requested and were granted an extension of their deadline (ECF No. 136; Text-Only Order Nov. 7, 2024), and they timely filed their reply on November 15, 2024. (ECF No. 139.)

Thus, the time from the dispositive motion filing to the reply spanned more than 250 days. A separately-filed report and recommendation will address Defendants' motion for summary judgment.

C. **Plaintiff's September 2024 "Motion for Monies for Expert Witnesses"**

On September 18, 2024, Plaintiff filed four items, including: (1) the aforementioned motion for extension (ECF No. 133); (2) a notice that, *inter alia*, he was "unable to fully access the law library while at RGC," *i.e.*, the MDOC's Charles E. Egeler Reception & Guidance Center (RGC), and did not "have

3

anything, or any way to respond properly[,]" (ECF No. 130); (3) a "notice of hearing" as to certain filings (ECF No. 132); and, (4) a "motion for monies for expert witnesses," which states, in total:

> NOW COMES [Plaintiff], in pro per, with no legal material or books, only segregation law library, moving this Honorable Court for counsel and/or monies for expert witnesses, per the Attorney General[']s defense that Plaintiff has not provided expert testimony[.] [I]t is appropriate this Court allow this to take place, as to not prejudice Plaintiff. Plaintiff Hicks has previously filed motions for counsel to help with this process. PLEASE GRANT this motion, as well as Plaintiff's motion for counsel.

(ECF No. 131, PageID.2261.) Plaintiff signed this filing under penalty of perjury. (*Id*., PageID.2262.)

On October 16, 2024, while still at RGC, Plaintiff informed the Court, via letter, that his circumstances at RGC have "made it extremely difficult to respond to ECF No. 123[,]" although he "did the best that [he] could with the resources that [he] currently ha[d] available." (ECF No. 134.) Seemingly referring to his September 18, 2024 motion for extension (ECF No. 133), and seemingly having yet to receive his copy of the Court's October 8, 2024 text-only order granting the motion for extension, he claims to have had no choice but to mail his response (ECF No. 134, PageID.2269). Thus, Plaintiff's October 16, 2024 letter (ECF No. 134) was accompanied by his aforementioned dispositive motion response (ECF No. 135).

4

As it turns out, by a letter dated October 19, 2024, post-marked October 23, 2024, and filed October 28, 2024, Plaintiff asked to "cancel the time extension [*i.e.*, ECF No. 133] so this case may proceed," and "use the response [(ECF No. 135)] that I mailed to this Court on [October 8, 2024]." (ECF No. 137.)

**D. Discussion**

**1.     Renewed request for the appointment of counsel**

Preliminarily, the Court notes that Plaintiff has previously filed several requests related to counsel (*see* ECF Nos. 10, 11, 20, 40, 64), and the Court has denied each in written orders, as recently as September 2022 (*see* ECF Nos. 12, 33, 48, 68). To the extent Plaintiff's September 18, 2024 motion (ECF No. 131) requests the appointment of counsel to represent him, such relief is should have been sought by way of a separately filed motion for recruitment of counsel under 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.") The Local Rules of this Court make clear that "Motions must not be combined with any other stand-alone document." E.D. Mich. LR 5.1(e)(1),  In any case, he has not convinced the Court that his circumstances have changed so as to warrant recruitment of counsel at this juncture; so, for the reasons stated in the prior, above-referenced orders, the renewed request for counsel is again **DENIED**.

5

### 2. Request for "monies for expert witnesses"

To the extent Plaintiff's September 18, 2024 motion (ECF No. 131) seeks "monies for expert witnesses," it is **DENIED**. First, "[p]ayment of litigation expenses is the prisoner's responsibility." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997). A prisoner must bear his own costs of discovery. *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983) ("there is no constitutional requirement to waive costs of transcripts, expert witness fees, and fees to secure depositions."). See also *Jones v. Ahmed*, No. 19-3393, 2020 WL 2062280, at *3 (6th Cir. Feb. 10, 2020) ("pro se litigants do not have the right to have an expert witness appointed at the government's expense.") (citing *Johnson v. Hubbard*, 698 F.2d at 289, *abrogated on other grounds by L&W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007)).

Second, the Court does not interpret Plaintiff's motion as a proper assertion that facts are unavailable to him. Although Plaintiff declares under penalty of perjury that the statements in his one-paragraph motion are true (ECF No. 131, PageID.131-2262), Plaintiff's motion does not show that, "*for specified reasons*, [he] cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). More pertinently, in a request dated October 19, post-marked October 23, and filed October 28, 2024, Plaintiff himself asked the Court to "cancel the time extension [*i.e.*, ECF No. 133] so this case may proceed," and "use the response

[(ECF No. 135)] that I mailed to this Court on [October 8, 2024][,]" (ECF No. 137), without any mention of needing an expert to support his response.

Third, Plaintiff's "motion for monies for expert witnesses" (ECF No. 131) is, undoubtedly, a response to Defendants' merits-based motion for summary judgment argument that, "to the extent that Hicks claims that delays in receiving treatment violated his Eighth Amendment rights, Hicks is unable to survive summary judgment because he does not have an expert witness to testify that the Defendants' conduct was grossly negligent under *Phillips v. Tangilag*, 14 F.4th 524 (6th Cir. 2021)." (ECF No. 123, PageID.2022-2023.)  This passing, largely undeveloped argument by Defendants is addressed in a concurrently-filed report and recommendation, although it is not the crux of the Court's analysis of the MDOC Defendants' merits-based motion for summary judgment.

E.  Order

For the reasons stated above, Plaintiff's September 18, 2024 motion (ECF No. 131) is **DENIED**.

   **IT IS SO ORDERED.**[1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: March 31, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE