UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. HICKS, JR.,

    Plaintiff,

v.

    Civil No. 21-11563
    Hon. Denise Page Hood

HEIDI WASHNGTON, et al.,

    Defendants.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION (# 141),
GRANTING MOTION FOR SUMMARY JUDGMENT (#123)
AND CLOSING CASE**

This matter is before the Court on the Magistrate Judge's Report and Recommendation filed March 31, 2025. (ECF Nos. 141) Plaintiff William D. Hicks, Jr. filed Objections to Report and Recommendation. (ECF No. 145) Defendants filed a Response to the Objections. (ECF No. 149)

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. To preserve the right to appeal the

Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Restating previous arguments and filing an "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard,* 932 F.2d at 509.

The Magistrate Judge analyzed with detail the reasons why summary judgment should be granted as to the remaining seven Defendants in this case and Plaintiff's remaining claims: 1) First Amendment access to the courts claim against Washington and/or Cheeks; 2) Conditions of confinement claims concerning the barbershop and daily staff testing; and 3) Eighth Amendment claims relating to TCF-1068, TCF-239 and TCF-240 (failure to protect and denial of medical treatment). (ECF No. 141, PageID.2328-2329)

Hicks raised seven objections to the Report and Recommendation, which was responded to by Defendants. In Objection Nos. 1(a) and 1(b) Hicks reargues that the closing of the barbershop due to COVID-19 caused mental anguish and distress

2

and that the COVID-19 lockdown resulted in him having no access the library. The Court agrees with the Magistrate Judge that Hicks failed to show any injury because of the closing of the barbershop and failed to properly support such in his response to the Defendants' Motion for Summary Judgment. The Court also agrees with the Magistrate Judge that there is no evidence to show Hicks attempted to file an appeal in July. In addition, the Magistrate Judge noted that Hicks failed to show he suffered actual prejudice where the Michigan Court of Appeals considered his delayed application for leave to appeal which was denied based on lack of merit. Hicks Objection Nos. 1(a) and 1(b) are OVERRULED.

In Objection No. 2, Hicks asserts that he was not ignoring all the reasonable steps that the MDOC took to combat COVID-19, but that the steps taken by the MDOC failed the TCF population. As noted by the Defendants, Hicks disagreed with the steps taken by the MDOC and Defendants, but the test is whether reasonable measures were taken to combat COVID-19. The Sixth Circuit has ruled that the test is whether the Defendants took reasonable measures to combat COVID-19. *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020). The Court agrees with the Magistrate Judge that Defendants took reasonable steps to respond to the COVID-19 pandemic to protect the prison population. Objection No. 2 is OVERRULED.

Hicks in Objection No. 3 disagrees with the Magistrate Judge that he did not

establish the objective or subjective prong of the deliberate analysis of an Eighth Amendment failure to protect claim from an alleged assault by another prisoner. Defendants respond that Hicks raises the same arguments he made in response to the summary judgment motion and fails to address the points that he did not meet the objective prong because Hicks admitted that he never thought that his cellmate would harm him because the cell mate was a friend. As to the subjective prong, Defendants respond that Hicks only expressed a vague and generalized fear for his safety and not a more particularized fear. The Court agrees with the Magistrate Judge that Hicks is unable to meet the objective or subjecting prongs of the deliberate indifference analysis under the Eighth Amendment because Hicks did not think that his cellmate would attack him, and that Hicks only expressed vague and generalized statements of fear for his safety. Objection No. 3 is OVERRULED.

Objections Nos. 4-7 all relate to various denials of medical treatment. Defendants respond that in all these objections, Hicks merely reiterates his arguments previously stated in his response to the Defendants' Motion for Summary Judgment. As to Objection No. 4, the Court agrees with the Magistrate Judge that Hicks' disagreement with the course of treatment prescribed or that the treatment was negligently administered after Hicks was sexually assaulted, does not rise to a constitutional violation. As to the timing claim that there was a delay in treatment,

4

the Court agrees with the Magistrate Judge that this is akin to a claim of negligence and does not equate to deliberate indifference. Objection No. 4 is OVERRULED.

Regarding the delay in receiving his contact lenses and medication for migraine as raised in Objection No. 5, the Court agrees with the Magistrate Judge that failure to conduct discovery on the individual who passed out the medication is subject to dismissal of a claim. As to the delay in receiving contact lenses, the Court agrees with the Magistrate Judge that in light of delays due to the pandemic, the delay in receiving his contact lenses did not rise to an Eighth Amendment violation. Objection No. 5 is OVERRULED.

Hicks in Objection No. 6 claims that Defendants did not follow through regarding treatment of his lymph nodes. Defendants responded that they cited numerous medical records demonstrating that Hickes received treatment for his lymph nodes. The Court agrees with the Magistrate Judge that Hicks received treatment for his lymph nodes, but that he merely disagrees with the course of treatment, which does not rise to an Eighth Amendment deliberate indifference claim. Objection No. 6 is OVERRULED.

In Objection No. 7, Hicks asserts he did not have the opportunity to conduct discovery regarding his claim of medical delays in treatment because Defendants did not specify which delays in medical treatment they are challenging. The Court finds

that identifying the specific delays in medical treatment is Hick's responsibility, as the one alleging such a claim. Defendants supported their motion by providing records that Hicks was regularly seen by health care personnel and provided care while at TCF. Hicks failed to create a genuine issue of material fact that he was not receiving adequate medical care. Objection No. 7 is OVERRULED.

Regarding Objection No. 8 as to the Magistrate Judge's finding that Defendants are entitled to qualified immunity, the Court agrees with the finding. Defendants are entitled to dismissal from this action based on qualified immunity and the Magistrate Judge's analysis of the facts and law was correct. Objection No 8 is OVERRULED.

After review of the March 31, 2025 Report and Recommendation, the Court finds that the Magistrate Judge's conclusions are correct. The Court agrees with the Magistrate Judge that the claims against the seven remaining Defendants must be dismissed in that Hicks failed to create genuine issues of material facts in his response to the Defendants' Motion for Summary Judgment.

Accordingly,

IT IS ORDERED that Magistrate Judge Anthony P. Patti's Report and Recommendation **(ECF No. 141)** are **ACCEPTED AND ADOPTED** as this Court's findings of fact and conclusions of law. The Objections **(ECF No. 145)** are

**OVERRULED**.

IT IS FURTHER ORDERED that the Motion for Summary Judgment **(ECF No. 123)** is **GRANTED**.

IT IS FURTHER ORDERED that this action is **DISMISSED with prejudice** and **CLOSED** on the docket.

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

S/DENISE PAGE HOOD
Denise Page Hood
United States District Judge

Dated:  September 30, 2025